UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

       v.

DARRYL PEOPLES,

                     Defendant.

**DECISION AND ORDER**
11-CR-390S

---

## I.    INTRODUCTION

Pending before the Court is a motion (Dkt. Nos. 8, 20) by defendant Darryl Peoples for reconsideration of his detention status. Defendant has been in custody since his pre-indictment initial appearance on December 8, 2011. In support of reconsideration, defendant argues that his circumstances have changed in several ways that show that he has no intention to abscond and that the Government's case has weakened over time. The Government opposes reconsideration, contending that defendant has presented no new information except that he has hired private counsel, which does not offset his prior criminal history. The United States Probation Office ("USPO") recommends continued detention.

The Court held oral argument on May 8 and June 18, 2012. For the reasons below, the Court denies defendant's motion.

## II. BACKGROUND

This case concerns allegations that defendant possessed cocaine base with intent to distribute and maintained a premises to help him do so. The indictment, filed on December 20, 2011, contains three counts. In Count One, the Government charged defendant with possession, with intent to distribute, of a quantity of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In Count Two, the Government charged defendant with possession, with intent to distribute, of a different quantity of a mixture or substance containing cocaine base, at a different location, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In Count Three, the Government charged defendant with knowingly, intentionally, and unlawfully using and maintaining a premises for the purpose of manufacturing, distributing, and using cocaine base, in violation of 21 U.S.C. § 856(a)(1).

The Court arraigned defendant on December 21, 2011. Prior to the indictment, when defendant was arrested on a criminal complaint, the Court held a detention hearing on December 12, 2011. At the conclusion of the detention hearing, the Court held orally that defendant would remain in custody because he presented a risk of danger to the community and a risk of flight.

The Court relied on defendant's pretrial services report, dated December 8, 2011, when ordering detention. According to the pretrial services report,

defendant never has had steady employment.  Until the time of arrest, defendant had used alcohol and marijuana daily since age 13 and cocaine daily since age 16.  Defendant also began using "designer drugs" like Ecstasy and GHB at age 40 and had used those once or twice per month.  Defendant reported that for about 45 days before his arrest, he had been gambling approximately every other day.  As for criminal history, defendant has had five felony convictions, three of which concerned drug-related offenses.  Defendant's criminal history includes one probation revocation in 1994, one parole violation and 2006, and multiple bench warrants issued for non-appearance during the pendency of some of the prior criminal cases.  USPO recommended detention at the time of the pretrial services report and maintained that position in an update memo dated June 15, 2012.

On March 25, 2012, defendant filed the pending motion for reconsideration (Dkt. No. 8); on June 11, 2012, he filed a supplement to that motion (Dkt. No. 20).  In support of his motion, defendant makes several arguments to show that circumstances have changed significantly since the detention hearing.  First, defendant has hired a private attorney, which supposedly he would not have done if he did not take the case seriously and instead intended to abscond.  Second, defendant argues that the Government has not yet confirmed the quantity of drugs in question by way of a lab report.  The Government appears to have mooted this argument by furnishing a lab report around March 30, 2012.

Third, defendant argues that the Government has not provided the search warrant and the search warrant application pertaining to him, which at the least makes the strength of the case against him ambiguous. At the supplemental oral argument on June 18, 2012, the Government acknowledged that it needed to furnish those materials; the Court set a deadline of June 28, 2012 for production. Finally, defendant argues that the Government should not be allowed to detain defendant while defendant examines potential discrepancies in the documentation for this case. For example, defendant emphasizes the need to examine the search warrant materials because the criminal complaint describes the premises searched as "539 Plymouth (Rear)," while the indictment describes the premises as "539 Plymouth (Lower)."

The Government opposes defendant's release. The Government contends that defendant's situation has not changed in any material way since the detention hearing. If anything, according to the Government, the case against defendant has strengthened now that a lab report is available that confirms that 28.37 grams of cocaine base are at issue. That quantity would trigger a mandatory minimum imprisonment of five years upon conviction; the mandatory minimum could increase to 10 years under 21 U.S.C. § 851 given defendant's prior felony convictions. The Government argues further that defendant's decision to retain private counsel does not affect whether he is a flight risk or a danger to the community.

## III. DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's

5

dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Once the Court has issued a detention order in the manner set forth above, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, defendant has not presented any information unknown to him previously that would warrant a change in his custody status. The Court previously found defendant to be a danger and a flight risk based on his criminal history, the nature of the pending charges, and the information available in the

6

pretrial services report.  Those factors have not changed.  Defendant still faces felony drug charges that could lead to his sixth felony conviction and a mandatory minimum sentence of at least five and possibly 10 years.  Although the Government has not differentiated quantities pertaining to Count One and Count Two, a mandatory minimum would apply upon conviction for both of those counts. *See U.S. v. Resinos*, 631 F.3d 886, 888 (8th Cir. 2011) ("The only drug quantities that may trigger a mandatory minimum sentence for a discrete violation of § 841(a) are those involved in the count of conviction.") (citations omitted); *U.S. v. Darmand*, 3 F.3d 1578, 1581 (2d Cir. 1993) ("[T]he statutory mandatory minimum sentences of 21 U.S.C. § 841(b)(1) apply only to the conduct which actually resulted in a conviction under that statute.").

Other factors also have not changed.  Nothing has changed regarding defendant's significant addiction history, which is one piece of information that the Court can consider.  *See* 18 U.S.C. § 3142(g)(3)(A) (listing "history relating to drug or alcohol abuse" among factors to consider); *U.S. v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990) ("The [Bail Reform] Act [of 1984] specifically provides, however, for consideration of the accused's 'history relating to drug or alcohol abuse.'") (citing 18 U.S.C. § 3142(g)(3)(A)).  Of particular concern is defendant's history of bench warrants and probation or parole violations, which suggests that he cannot be supervised.  *Cf. U.S. v. Ard*, No. 10-CR-184, 2011 WL 2421222, at *3 (W.D.N.Y. June 13, 2011) (Skretny, *C.J.*) ("Defendant's

7

criminal history includes one arrest while under probation supervision and two arrests while released on bail, demonstrating that Defendant is unable to comply with conditions of release."). Defendant committed those bail and parole violations while living in Western New York either with or near his family, which means that emphasizing his family ties now has only limited value. *Cf. U.S. v. Watson*, No. 4:08CR00655, 2008 WL 5411381, at *1 (E.D. Mo. Dec. 29, 2008) ("[T]he Court notes that Defendant resided with his mother for the majority of his life, during which time Defendant committed the offenses and repeatedly violated the terms of his probation and parole, as recited in the PSR."). Defendant thus has not mollified the Court's concerns that the nature of the charges, the history of addiction and probation or parole violations, and the other information available mean that defendant continues to pose a flight risk and a danger to the community.

As for defendant's argument about search warrant materials and discrepancies, the one example of a discrepancy provided so far does not offset the Court's other findings. Defendant, however, may renew his motion for reconsideration if he finds evidence of discrepancies that is strong enough to offset the findings above.

In short, defendant has given the Court no new and material information that helps his effort to change his custody status. The Court is content to let its prior detention order stand.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for bail (Dkt. Nos. 8, 20). Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded reasonable opportunity for private consultation with counsel. Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order shall be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

                                              /s Hugh B. Scott
                                    HONORABLE HUGH B. SCOTT
                                    UNITED STATES MAGISTRATE JUDGE

DATED: July 2, 2012