UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DARRYL PEOPLES,

Defendant.

**Hon. Hugh B. Scott**

11CR390A

**Order**

Before the Court is defendant's omnibus motion for various discovery and other relief (Docket No. 17). In particular, defendant seeks discovery; Bill of Particulars; FRE 404(b), 608, 609 disclosure; Brady; Jencks Act; search agents' personnel files; preservation of evidence; suppression of evidence from a vehicle stop and from execution of a search warrant of his apartment, 539 Plymouth Street, Buffalo, New York (id.). Some of the relief, such as the suppression motions, will be considered in a separate Report & Recommendation.

Responses were due initially on April 27, 2012, then reset to June 1, 2012 (Docket Nos. 7, 14). The Government filed a timely response (Docket No. 18) and sought therein reciprocal discovery (id. ¶¶ 27-32), and defendant filed his reply (Docket No. 19). The motion was argued on June 18, 2012 (text minute entry, June 18, 2012; cf. text minute entry June 12, 2012 (attempted argument of motion)). The Government then produced the search warrant application and recording of the issuing magistrate's proceeding for in camera inspection. Defendant, on July 10, 2012, submitted his affidavit regarding standing to challenge the searches at issue in his motions (Docket No. 25; see also Docket Nos. 26, 27 (additional affidavit and

affirmation from defense)). The motion was deemed submitted as of July 10, 2012 (Docket No. 23).

BACKGROUND

Defendant was charged with two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and use of premises to manufacture, use and distribute cocaine base, in violation 21 U.S.C. § 856(a)(1), on December 7, 2011.

DISCUSSION

I.    Discovery

Defendant concedes that the Government has furnished him with voluntary discovery but he still makes motion for discovery under Rule 16 (Docket No. 17, Def. Atty. Affirm. ¶ 13) and notice of the evidence the Government intends to use against him pursuant to Rule 12 (id. ¶¶ 14-17). The Government argues that it fully complied (in the process of complying, or intends to comply) with its discovery obligations in voluntary discovery (Docket No. 18, Gov't Response ¶¶ 6, 11-15, 7-10).

Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

II.	Bill of Particulars

Defendant next seeks a Bill of Particulars as to the exact location where the alleged crack cocaine was located, the substance of defendant's conduct and how he possessed crack cocaine, whether he had actual possession or exercised dominion and control over the crack cocaine, and, if he exercised dominion and control, how his conduct amounted to possession by dominion and control (Docket No. 17, Def. Atty. Affirm. ¶ 19).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy, to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases, United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988). While it is within this Court's sound discretion to order the filing of a Bill of Particulars, Wong Tai v. United States, 273 U.S. 77, 82 (1927), the burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights, id. Any particularization confines the Government's proof to the particulars furnished, United States v. Glaze, 313 F.2d 757, 759 (2d Cir. 1963); United States v. Murray, 297 F.2d 812, 819 (2d Cir.), cert. denied, 369 U.S. 828 (1962).

3

Upon review of the Indictment and the extent of discovery produced in this case to defendant, this Court finds that defendant is **not entitled** to a Bill of Particulars from the Government here inasmuch as he is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

III.    Federal Rules of Evidence 404(b), 608, 609

Defendant next moves for disclosure of prior bad acts evidence the Government intends to introduce under Federal Rule of Evidence 404(b) (Docket No. 17, Def. Atty. Affirm. ¶¶ 20-32). He also seeks disclosure of the "conduct, opinion, and evidence as well as the criminal conviction the Government intends to use in cross-examination of witnesses" under Rules 608 and 609 (id. ¶¶ 33-34). The Government agrees to provide "reasonable notice in advance of trial, if possible" of other crimes, wrongs or acts committed by defendant which it seeks to introduce at trial pursuant to Rule 404(b), but the Government denies that there is any obligation to produce before trial evidence it may use in cross-examination under Rules 608 or 609 (Docket No. 18, Gov't Response ¶ 16).

The Government's notice of its intentions regarding Rule 404(b) evidence **is sufficient**. The Government **is to produce** other bad act information it intends to introduce at trial under Rules 608 and 609, with <u>Brady</u> material within this category being produced at the time set forth in the Final Pretrial Order of the District Judge, see <u>United States v. Aparo</u>, 221 F. Supp. 2d 359, 366-67 (E.D.N.Y. 2002) (given complexity of that case, Government was ordered to produce all exculpatory material to defense four weeks prior to trial, to allow for time to file, respond, and decide motions <u>in limine</u> on this material).

IV.  Brady Materials

Defendant has requested that the Government disclose all materials potentially favorable to him, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 105 (1979), and their progeny (Docket No. 17, Def. Atty. Affirm. ¶¶ 35-53). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [Government's] witness," United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

His motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that it acknowledged its obligations and declared that it was not in possession of any "responsive information" (Docket No. 18, Gov't Response ¶¶ 13, 9-10). While disagreeing with the scope of claimed Brady materials sought, the Government agrees also to provide impeachment Brady material (id. ¶ 13, 14).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this District (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

V.   Jencks Act

Defendant seeks Jencks Act material either immediately or no later than four weeks before trial (Docket No. 17, Def. Atty. Affirm. ¶¶ 54-55), as well as the statements of witnesses for any evidentiary hearing (id. ¶ 57). The Government responds that defendant already has statements from potential witnesses from its voluntary discovery (Docket No. 18, Gov't Response ¶ 12).

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government, while objecting to the timing under this Act, has produced witness statements (id.). The Government shall disclose Jencks Act information **prior to trial as ordered in the District Court's final pretrial Order**.

VI.   Agents' Files

Defendant next wants Government agents' personnel files searched to determine if <u>Brady</u> or <u>Giglio</u> materials are contained therein (Docket No. 17, Def. Atty. Affirm. ¶ 58). The Government did not expressly address this request. In producing <u>Brady</u>/<u>Gilgio</u> material, the Government **is to search** agents' files for any responsive items.

VII.   Preservation of Evidence

Defendant seeks preservation of agents' rough notes and other evidence (Docket No. 17, Def. Atty. Affirm. ¶¶ 62-65). Again, the Government does not address this request. The Government **is to preserve evidence**.

6

VIII. Government's Reciprocal Discovery and Request for DNA Sample

    A.    Reciprocal Discovery

Finally, the Government in it response cross moved for reciprocal discovery (Docket No. 18, Gov't Response ¶ 27), to which the defendant did not respond. Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief. Defendant is reminded of his obligations under Rule 16 and Federal Rules of Evidence 803(24) and 804(b)(5) to produce pursuant to the Government's notice for discovery, and therefore, the Government's motion (Docket No. 18, Gov't Response ¶ 27) is **granted**.

    B.    DNA Sample

The Government also seeks a buccal swab sample of defendant's DNA to compare DNA swabs taken from male clothing seized from 539 Plymouth, arguing that defendant's possession of those clothes will be a contested issue of fact at trial (Docket No. 18, Gov't Response ¶¶ 28-32, 30). In his own affidavit and in asserting standing for 539 Plymouth, defendant states that this DNA request by the Government should be rejected as unnecessary (Docket No. 26, Def. Aff. ¶ 3). Although defendant admits to being in 539 Plymouth, he does not admit that he possessed the clothing from which the Government obtained DNA samples. The Government established probable cause to indicate that evidence from defendant's cheek cells and the DNA therefrom is connected to a criminal offense. The Government's motion for that sample is **granted**.

CONCLUSION

For the reasons stated above, defendant' omnibus motion (Docket No. 17) is **granted in part, denied in part** as discussed in detail above and the Government cross motion (Docket No. 18, Gov't Response ¶¶ 27-32) for reciprocal discovery is **granted**; in particular, the Government's motion for a DNA sample from defendant is **granted**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      August 7, 2012