UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                 v.                             **Hon. Hugh B. Scott**

                                                                  11CR390A

DARRYL PEOPLES,                                                  **Order**

                        Defendant.

       Before the Court is defendant's motion (Docket No. 39) for reconsideration of the Report & Recommendation (Docket No. 29) denying motion to suppress (Docket No. 17). In particular, that Report recommends the denial of suppression of the materials obtained pursuant to the search warrant of defendant's apartment (see Docket No. 29, Report & Rec. at 5-10).

       The Federal Rules of Criminal Procedure makes no express provision for reconsideration. Judge Larimer in another case held that the Magistrate Judge there had the "discretion to reconsider or reopen prior proceedings which precipitated" the Magistrate Judge's decision, United States v. Florack, 155 F.R.D. 49, 51 (W.D.N.Y. 1994). In Florack, the Government sought reconsideration (pursuant to then Federal Rule of Criminal Procedure 12(f)[1]) by Magistrate Judge Fisher of his refusal to allow the Government to argue an otherwise defaulted suppression motion, id. at 50-51; see id. at 51-52 (Report & Rec. of Fisher, Mag. J.). Judge Siragusa also held in United States v. Amanuel, No. 05CR6075, 2006 WL 266560, at *1 (W.D.N.Y. Jan. 31, 2006), that the civil standard for reconsideration is applicable in criminal

---

[1]Now, in part, Federal Rule of Criminal Procedure 12(e).

cases, that the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," id. (internal quotations and citations omitted).

Here, defendant correctly points out that he was not afforded an opportunity to see a redacted version of the in camera material reviewed by this Court in rendering its Report & Recommendation on the probable cause to issue the search warrant for the apartment (Docket No. 39, Def. Motion at 4th to 5th unnumbered pages). Due to this omission, defendant's motion for reconsideration is **granted**; the Government is to produced the redacted in camera material for defense inspection by **September 26, 2012**, defendant may file supplemental papers regarding this matter by **October 5, 2012**, and the Government may respond to this supplement by **October 19, 2012**. Argument of the motion to suppress, as thus supplemented, shall be **Monday, October 22, 2012, 10 am**, the same date as the suppression hearing was scheduled (see Docket No. 38).

So Ordered.

                                                      */s/ Hugh B. Scott*
                                                     Honorable Hugh B. Scott
                                                     United States Magistrate Judge

Dated: Buffalo, New York
       September 11, 2012