UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                            **Hon. Hugh B. Scott**

                  v.                        11CR390A

                                            **Order**

DARRYL PEOPLES,

                Defendant.

      Before the Court is defendant's motion (Docket No. 39) for reconsideration of the Report & Recommendation issued August 7, 2012 (Docket No. 29), recommending denial of his motion to suppress (Docket No. 17). In particular, that Report recommended the denial of suppression of the materials obtained pursuant to the search warrant of defendant's apartment (see Docket No. 29, Report & Rec. at 5-10), denied holding a Franks[1] hearing (id. at 5-7), and denied suppression of evidence obtained in the separate stop and search of the vehicle defendant was in (id. at 10-12). That Report also called for a suppression hearing as to statements defendant made during the traffic stop and search of his car (id. at 12); that hearing remains to be scheduled.

      Here, this Court considers so much of defendant's motion not previously addressed as well as alternative relief defendant now seeks of additional discovery regarding the informant at issue in this case. If necessary, this Court will issue a separate Report & Recommendation addressing the suppression issues underlying the motion to reconsider.

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

This Court granted reconsideration (over the Government's objection, see Docket No. 47, Gov't Response ¶ 4) and ordered the Government to produce to defendant the in camera documents already furnished to this Court but not produced to defendant (Docket No. 40, Order of Sept. 11, 2012, at 1-2), and the motion was argued on December 14, 2012 (text minute entry, Dec. 14, 2012; cf. Docket Nos. 41, 42, 43, 46). In support of his motion, defendant submits his Motion (Docket No. 39) and his Memorandum of Law (Docket No. 44). In opposition, the Government responded (Docket No. 47). During oral argument, defendant renewed (cf. Docket No. 29, Report & Recommendation of Aug. 7, 2012, at 2, 5-7) his request for a Franks hearing (see text minute entry Dec. 14, 2012).

Familiarity with the relevant prior Orders (Docket Nos. 28, 40) and Report and Recommendation (Docket No. 29) in this action is presumed.

## DISCUSSION

I.  Suppression of Apartment Search

   A.  Reconsideration

As previously noted (Docket No. 40, Order at 1), the Federal Rules of Criminal Procedure makes no express provision for reconsideration. Judge Larimer in another case held that the Magistrate Judge there had the "discretion to reconsider or reopen prior proceedings which precipitated" the Magistrate Judge's decision, United States v. Florack, 155 F.R.D. 49, 51 (W.D.N.Y. 1994). Judge Siragusa also held in United States v. Amanuel, No. 05CR6075, 2006 WL 266560, at *1 (W.D.N.Y. Jan. 31, 2006), that the civil standard for reconsideration is applicable in criminal cases, that the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," id. (internal quotations and citations omitted).

1. Record of Reliability of Confidential Informant

Following production and review of the redacted in camera material, defendant now argues that the sole basis for issuance of the search warrant was a confidential informant whose reliability, veracity, and basis of knowledge were not developed either before the issuing judge or before this Court (Docket No. 44, Def. Memo. at 5-8). The record of the in camera examination of that informant solely consists of a single page of handwritten notes by the state court judge (see Docket No. 44, Def. Memo. at 12). Defendant questions the capacity of the issuing jurist to assess the credibility of witnesses before him and whether the confidential informant actually appeared before that judge (id. at 11, 12). He also argues that defendant's stop and arrest prior to the search of the Plymouth Street apartment also lacked probable cause. If his motion to suppress is denied, defendant seeks a Franks hearing and further discovery (namely an unredacted version of the in camera interview notes, other informant information) (id. at 1-2).

*Lack of Transcription of State Court Warrant Application Proceeding*

In this case, there was no recording or verbatim transcription of the issuing judge's colloquy with the informant, cf. N.Y. Crim. Proc. L. §§ 690.40 (written search warrant application), 690.36(3) (oral application). As reported by defendant from the redacted handwritten notes of the judge, all that was presented from the colloquy with the informant was the date of the interview, the informant's statement of the location as 539 Plymouth, lower rear, that the informant purchased crack for $1,250 from that address the day before and that the

informant had purchased drugs from defendant at that address before (Docket No. 44, Def. Memo. at 12; see also Docket No. 29, Report & Rec. at 6).

This is not the first time this Court had to consider a state court's issuance of a search warrant used in a federal prosecution based upon a scant record that may not otherwise comply with New York State criminal procedure, cf. N.Y. Crim. Proc. L. §§ 690.40, 690.36(3). In United States v. Fountaine, No. 07CR169, this Court issued a Report & Recommendation on that defendant's suppression motion, where the search warrant was based upon a confidential informant where the colloquy between that informant and the court was not memorialized in a transcript, audio recording, or verbatim stenographic or longhand notes, as otherwise would be required under New York law, Docket No. 34, Report & Recommendation of May 30, 2008, at 2 & n.1 (noting that failure to comply with this state law did not automatically require suppression of evidence, citing United States v. Culligan, No. 04CR305, 2007 WL 3232484, at *14 (W.D.N.Y. Nov. 1, 2007) (Schroeder, Mag. J.) (Report & Recommendation), adopted, 2007 WL3232484 (Arcara, Ch.J.)). As Magistrate Judge Schroeder found (and then-Chief Judge Arcara adopted), even if the provision authorizing the state court warrant was unconstitutional or the search and seizure order was invalid, "such premises do not automatically require suppression," when the police rely in good faith upon the facially valid warrant, "such evidence does not have to be suppressed even though the warrant in question is later found to lack probable cause," Culligan, 2007 WL 3232484, at *14-15 (citing United States v. Leon, 468 U.S. 897, 920 (1984); Illinois v. Krull, 480 U.S. 340, 349-51(1987). In Fountaine, this Court found that the lack of a recording, transcript or verbatim notes precluded finding that the informant there was reliable or that the state court judge there sufficiently inquired into the reliability of that

4

informant, Fountaine, supra, No. 07CR169, Docket No. 34, Report & Rec. at 3. This Court then found that "notwithstanding that fact that the record remains insufficient as to the reliability, the defendant has provided the Court with no analogous finding that the police officer was not entitled to rely, in good faith, upon the issuing Judge's determination that a sufficient showing of reliability had been made," id. at 4. Listing the grounds under Leon, supra, 468 U.S. at 932, that the good faith exception would not apply, including that the application was so lacking in indicia of probable cause as to render reliance upon it unreasonable, this Court found (despite the performance of the police officers and issuing judge) that the application was not so lacking in indicia of probable cause to render reliance upon it by the officers unreasonable, Fountaine, supra, Docket No. 34, Report at 4-5. Judge Skretny adopted the Report & Recommendation in Fountaine, id., Docket No. 43, Order of Sept. 12, 2008, and, upon that defendant's subsequent motion for a Franks hearing, this Court ordered that hearing due to "significant discrepancies " regarding the purported controlled purchase that lead to issuance of the search warrant, id., Docket No. 49, Order of Dec. 8, 2008, but the defendant there entered a guilty plea before this hearing was held, id., Docket No. 56 (plea agreement, entered Aug. 5, 2009); Docket No. 51 (minute entry of Feb. 12, 2009, canceling Franks hearing upon parties' report of proposed plea agreement).

In People v. Taylor, 73 N.Y.2d 683, 543 N.Y.S.2d 357 (1989), the New York State Court of Appeals addressed the substantial compliance with the recording requirements for written search warrant applications, N.Y. Crim. Proc. Law § 690.40, under state law. In that case, the town justice recorded the statements of two confidential informants in the judge's handwritten notes and issued the search warrant; later, the judge's notes were lost. The Monroe County Court

granted defendant's subsequent suppression motion, which the New York State Supreme Court Appellate Division, Fourth Department, reversed. Taylor, supra, 73 N.Y.2d at 686-88, 543 N.Y.S.2d at 538. While noting that this application was a written application (rather than oral application) for the warrant under § 690.40, Taylor, supra, 73 N.Y.2d at 688, 543 N.Y.S.2d at 539, the Court of Appeals held that the suppression motion should have been granted "because the statutory standards for the warrant were not satisfied, and the purposes for which [these standards] exist were undermined," 73 N.Y.2d at 688, 543 N.Y.S.2d at 359, by not meeting the recording standards of § 690.40(1) to record or summarize examinations under oath in support of the warrant application. One of the purposes noted for this recording was to preserve for appellate review the grounds upon which the warrant was issued, Taylor, supra, 73 N.Y.2d at 689, 543 N.Y.S.2d at 359, "to provide the very basis for an appellate determination of probable cause for issuance of a search warrant," id. at 690, 543 N.Y.S.2d at 360. An issuing judge's "'few' notes taken for his 'own edification' cannot be equated with an effort, let alone a **conscientious** effort, to create a contemporaneous record of the testimony given by the informants as required by statute," id. at 689, 543 N.Y.S.2d at 359-60 (emphasis in original; footnote in original omitted). While stating that compliance with Criminal Procedure Law § 690.40(1) was not a constitutional requirement, compliance was deemed "indispensable to the determination whether the constitutional requirements of a valid search and seizure have been met," Taylor, supra, 73 N.Y.2d at 690, 543 N.Y.S.2d at 360. The Court of Appeals concluded that where "a reviewing court cannot make a fair and accurate assessment of defendant's constitutional claims, defendant is entitled to the remedy of suppression," id. at 691, 543 N.Y.S.2d at 360.

*Present Warrant Application*

In the case before this Court, a written search warrant application was submitted by Detective John Garcia, supported by the oral testimony of the confidential informant (see Docket No. 18, Gov't Response Ex. A); hence, under New York State law, this was a written application pursuant to New York Crim. Proc. L. § 690.40(1). Given the scant recording of the informant's oral colloquy and absent testimony of Detective Garcia or the issuing judge, cf. Taylor, supra, 73 N.Y.2d at 687, 543 N.Y.S.2d at 358 (officer and issuing judge testified in defendant's suppression hearing), discerning the informant's reliability is difficult. There is nothing else in this record to discern the reliability of the informant save Detective Garcia's sworn statement as to that reliability in his warrant application affidavit.

Defendant also questions the capability of the issuing judge to make credibility findings to determine that the informant was credible and reliable (id. at 11; cf. Docket No. 47, Gov't Response ¶ 5). While noting the deficiencies in the procedures used by the issuing judge here, this Court does not question his capability to assess the credibility of whomever testified before him. The reason this Court, in reviewing the probable cause determination, has to give deference to the issuing judge, see Illinois v. Gates, 462 U.S. 213, 236 (1983); Spinelli v. United States, 393 U.S. 410, 419 (1969), is that this Court does not conduct de novo review and the reviewing Court is to not "'interpret[] affidavit[s] in a hypertechnical, rather than a commonsense, manner,'" Gates, supra, 462 U.S. at 236 (quoting United States v. Ventresca, 380 U.S. 89, 109 (1965)). The Gates Court also noted that, in the history of search warrants in this country, they have been issued by "persons who are neither lawyers nor judges, and who certainly do not remain abreast of each judicial refinement of the nature of 'probable cause,'" id. at 235. The

7

duty of this Court as the reviewing Court under Gates "is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed," id. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). But the problem here is the insufficient record of what occurred before the issuing judge to discern what was assessed. One way to cure this deficiency is for this Court to conduct a hearing as to what was presented to the issuing judge. A Franks hearing would determine what was and was not presented to the issuing judge considering the warrant application (cf. Docket No. 39, Def. Memo. at 6). Defendant later points out errors in the identification of the address and that the informant pointed out the address to the police officers who then went to search another, erroneous dwelling (Docket No. 44, Def. Memo. at 20-21). But that alone would not be worthy of a Franks hearing. He also points to the absence of a preserved in camera record of the issuing court's assessment of the informant (id. at 21-22). The fourth ground defendant asserts for the Franks hearing is that Detective Garcia represented that the informant was reliable without stating a basis for that belief (id. at 21).

Therefore, upon consideration of the parties' arguments and after granting defendant access to the in camera materials, defendant's motion to reconsider the recommendation denying suppression of evidence seized from the Plymouth Street apartment (Docket No. 39) is **granted** and defendant's original motion for a Franks hearing regarding his overall motion to suppress evidence seized pursuant to that warrant (Docket No. 17) is (upon this reconsideration) **modified as follows**; a suppression hearing **shall be held** as to the validity of the search warrant issued herein.

B.  Additional Discovery

Defendant also argues that, if reconsideration of suppression motion or granting suppression on his motion papers alone is denied, he is entitled to further discovery about the unnamed informant. He seeks production of the unredacted version of the state judge's interview notes with the informant, informant disclosure, and conducting a <u>Franks</u> hearing. As stated above, a suppression hearing as to this warrant shall go forward. Therefore, any discovery defendant seeks for this hearing, including production of the unredacted version of the state judge's notes and disclosure of the informant's name, is **so ordered**.

II.  Suppression of Evidence Obtained from Automobile Search

Defendant seeks reconsideration of the denial of suppression of the traffic stop (Docket No. 39, Def. Motion at 1). This Court granted reconsideration, as discussed above, as to the search of defendant's apartment but was silent whether it would grant reconsideration of the denial of suppression of the automobile search (<u>cf.</u> Docket No. 40). Defendant argues that his stop and arrest were due exclusively to the statement of the informant used to obtain the search warrant for the Plymouth Street apartment, contending that the informant stated that defendant would have larger quantities of drugs on him en route to a presumed drug deal when in fact he had a minuscule amount (Docket No. 44, Def. Memo. at 8-11). He concludes that this was a sham transaction that the police officers were duped into believing, and this thus formed the authorization for the warrantless stop and arrest because he was attempting to engage in the sham transaction (<u>id.</u> at 10).

The Government argues, generally, that this Court should not reconsider this motion (Docket No. 47, Gov't Response ¶ 4). Relying upon the issuing judge for the search warrant's

conclusions that the informant was reliable, the Government argues that this reliability extends to the informant's statement that the defendant would be meeting him for a drug transaction and would have drugs in the car with him when defendant was stopped (id. ¶ 9).

Applying this Court's standard in Amanuel, supra, 2006 WL 266560, at *1, defendant fails to show matters here that were overlooked, a change or failure to recognize controlling law, or other factors that might alter the conclusion previously reached. Defendant's motion (Docket No. 39) seeking reconsideration of the denial of the motion to suppress the seized material from the search of his car is **denied**. The fact that the same informant was used to support the search warrant application for Plymouth Street apartment is used to justify this stop is of no moment. The officers did not seek a search warrant of defendant's vehicle or an arrest warrant of defendant. Once the officers obtained the search warrant, the informant disclosed that defendant had arranged to meet with the informant to sell cocaine. The search and the traffic stop, although based upon information provided by the same confidential source, were two distinct events. The officers were told by the informant that a crime was about to occur, the informant's purchase of cocaine from defendant at a particular location (the record does not indicate that the rendezvous was the Plymouth Street apartment), and the stop occurred at Fargo Avenue and School Street (see Docket No. 18, Gov't Response ¶¶ 1-2, 3), some blocks away from 539 Plymouth. Defendant's motion to reconsider the recommended denial of suppression of evidence obtained during the stop and search of his vehicle is **denied**.

III.     Suppression of Statements Hearing

The suppression hearing regarding the search warrant ordered herein is **Tuesday, February 26, 2013**, starting at **10 a.m.**, with the suppression hearing regarding defendant's statements during the stop and automobile search commencing at the conclusion of the search warrant suppression hearing.

CONCLUSION

For reasons stated above (as well as in previous Report and Orders), defendant's motion (Docket No. 39) to reconsider this Court's Report and Recommendation (Docket No. 29) is **granted in part, denied in part**. As just stated above, defendant's suppression hearing (regarding the search warrant issuance) and suppression hearing (regarding his alleged statements) is on **Tuesday, February 26, 2013, at 10 a.m.**, before the undersigned.

So Ordered.

                */s/ Hugh B. Scott*
                Honorable Hugh B. Scott
                United States Magistrate Judge

Dated: Buffalo, New York
    January 16, 2013