UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

              v.

DARRYL PEOPLES,

                        Defendant.

**DECISION AND ORDER**
11-CR-390A

---

## I.    INTRODUCTION

Pending before the Court is a motion (Dkt. No. 68) by defendant Darryl Peoples for another reconsideration of his detention status. Defendant has been in continuous federal custody since his pre-indictment initial appearance on December 8, 2011; the Court last revisited his detention on July 2, 2012, in a Decision and Order (Dkt. No. 24) that denied a previous request for reconsideration of bail. In support of reconsideration, defendant argues that his circumstances have changed in that the Government's case has weakened in the past year. Specifically, defendant argues that the Court issued rulings in the past year concerning problems with the search warrant connected to this case, problems that diminish the amount and the force of the evidence against him. Defendant also highlights that another year has passed while he has remained in custody and that the delays are not attributable to him.

The Government opposes reconsideration, contending that defendant has presented no new information that offsets the Court's prior findings. The Government denies that the Court has made a finding about the sufficiency of the search warrant. The Government also argues that much of the delay in the past year occurred because it has filed a motion for a protective order that remains pending before Judge Arcara. The United States Probation Office ("USPO") recommends continued detention.

The Court held a bail review hearing on September 26, 2013. For the reasons below, the Court denies defendant's motion.

## II. BACKGROUND

The Court will not repeat the background facts from its prior order and will focus on events that occurred since the Court issued that order on July 2, 2012. On August 7, 2012, the Court issued both a Decision and Order (Dkt. No. 28) and a Report and Recommendation (Dkt. No. 29) that addressed defendant's omnibus pretrial motions. In those two rulings, *inter alia*, the Court denied defendant's request for a *Franks* hearing because he failed to identify any false statements presented to the judge who issued the search warrant. As for the search warrant, the Court denied the motion to suppress certain seized materials because "the search warrant was for 539 Plymouth Street, with the particular apartment name changed on the warrant, naming defendant as the occupant of

the apartment to be searched.  The fact that agents initially searched the wrong apartment and then searched defendant's apartment does not render the search unconstitutional."  (Dkt. No. 29 at 9.)  The Court denied defendant's motion to suppress evidence seized from his car.  The Court did grant defendant's motion for a hearing regarding the voluntary nature of certain statements that he made.

On August 12 and 13, 2012, defendant requested an adjournment of the suppression hearing regarding his statements and an extension of time to file objections to the Report and Recommendation.  (Dkt. Nos. 31, 33.)  Defendant requested these extensions a second time on September 4 and 9, 2012.  (Dkt. Nos. 35, 37.)  On September 10, 2012, defendant filed a motion for reconsideration of the Report and Recommendation (Dkt. No. 39), arguing for a hearing regarding the search warrant and the vehicle search because the Government never established the reliability of the confidential informants involved.  The Court granted reconsideration (Dkt. No. 40), ordered production of the search warrant materials, and set a deadline of October 5, 2012 for any supplemental defense motions.  Defendant requested an extension of the deadline for supplemental motions (Dkt. No. 42); the Court granted it and set a new motions deadline of October 22, 2012.  The Court granted the Government one extension in November 2012 based on a personal matter (Dkt. No. 46), but oral argument on the supplemental and reconsidered motions eventually occurred on December 14, 2012.

On January 16, 2013, the Court affirmed its prior denial of a hearing regarding the vehicle search but granted a hearing regarding the issuance of the search warrant. (Dkt. No. 48.) The Court granted a hearing because "the problem here is the insufficient record of what occurred before the issuing judge to discern what was assessed. One way to cure this deficiency is for this Court to conduct a hearing as to what was presented to the issuing judge." (*Id.* at 8.) As part of that ruling, the Court ordered the Government to produce to defendant the unredacted notes from the judge who issued the warrant and the name of the confidential informant in question. The Government reacted to the order to disclose the informant's identity by filing a motion for a protective order on February 26, 2013. (Dkt. No. 49.) That same day, the Court held as much of the suppression hearing as it could hold while setting aside the issue of unredacted notes and informant identity. The Court held oral argument on the motion for a protective order on March 11, 2013; it denied that order on March 20, 2013 (Dkt. No. 55) and scheduled the conclusion of the suppression hearing for April 12, 2013.

On April 1, 2013, the Government filed a motion with Judge Arcara for reconsideration of the denial of a protective order. (Dkt. No. 57.) Given the briefing schedule that Judge Arcara set for the reconsideration motion, this Court adjourned the conclusion of the suppression hearing. (Dkt. No. 61.) Judge Arcara held oral argument on the reconsideration motion on September 11, 2013

4

and reserved decision; as of this writing, the motion remains pending and the conclusion of the suppression hearing has not happened yet.

On September 15, 2013, four days after Judge Arcara held oral argument on the Government's reconsideration motion, defendant filed the pending motion for reconsideration of bail. Principally, defendant argues that the Government's case against him has weakened considerably because "[t]he Search Warrant Application has been found to be insufficient. There exists no stenographic or audio recording of the In Camera Hearing. The brief notes taken by the Issuing Judge are insufficient. Law Enforcement initially searched the wrong residence. There are cross-outs and other discrepancies on the Search Warrant Application. More than a year after the arrest the Government disclosed that there were 2 Confidential Informants involved while they had represented all along that there was one. Law Enforcement faces significant *Leon* issue[s] assuming that the Search Warrant is declared invalid." (Dkt. No. 68 at 4–5.) Defendant argues further that "it is unfair that the defendant has remained in custody for more than 21 months while the Government has continuously stalled the proceedings by not turning over discovery." (*Id.* at 5.) At the bail review hearing, defendant proposed release to his girlfriend's residence on conditions including a signature bond and drug counseling.

The Government opposes the pending motion because it does not reflect any genuine change of circumstances. The Government argues that

5

"[c]oncerning the search warrant, the Court has made no finding about the sufficiency of it or the application made to obtain it. No 'discrepancies' beyond the one (concerning address) already considered in the July 2, 2012, Decision and Order have been found. Rather, on January 16, 2013, the Court ordered a hearing as to the warrant's validity, and, contemporaneously, ordered production of unredacted notes made by the warrant-issuing judge and the informant's name. Thereafter, the government sought a protective order concerning disclosure of the identity of the informant, and the motion for that protective order remains pending, currently under consideration by the District Court. Thus, far from 'stalling,' the government has acted diligently." (Dkt. No. 71 at 4–5 (docket citations omitted).) The Government then proceeds to cite the extensions that defendant has sought in the past year and concludes that, while the case is proceeding at a reasonable pace, nothing has happened yet to change defendant's position since the last denial of bail.

### III.   DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*,

6

493 F.3d 63, 75 (2d Cir. 2007).  Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention.  First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight.  Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court."  *Sabhnani*, 493 F.3d at 75 (citations omitted).  "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence.  The rules of evidence do not apply in a detention hearing.  Further, the government may proceed by proffer."  *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Once the Court has issued a detention order in the manner set forth above, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue

7

whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, the most striking feature of the pending motion for bail reconsideration is that defendant appears to have filed it too early. As repeated at the bail review hearing, the motion appears to rest heavily on the assertion that "[t]he Search Warrant Application has been found to be insufficient." (Dkt. No. 68 at 4.) That statement is not true. As quoted above, what the Court has found so far is that "the problem here is the insufficient record of what occurred before the issuing judge to discern what was assessed." (Dkt. No. 48 at 8.) The Court began a suppression hearing to reconstruct the record of what occurred before the issuing judge but cannot finish it until the motion for a protective order reaches a conclusion. In any event, the Court may yet find the search warrant application to be insufficient in such a way that suppression of evidence is

8

necessary. Such a conclusion, though, would come later, and the Court will not commit to any conclusion about the search warrant application until the hearing ends and the parties have had a chance to submit post-hearing briefing. The ongoing nature of the suppression hearing makes any assertion of a change of circumstances premature. As for timing and delays, the Court notes briefly that between the extensions that defendant requested, the supplemental motions still pending because of the incomplete suppression hearing, and the motion for a protective order that neither side has tried to expedite, nothing in the chronology of the past year constitutes unreasonable delay or "stalling."

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for reconsideration of bail (Dkt. No. 68).

SO ORDERED.

/s Hugh B. Scott
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: October 7, 2013