UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                          DECISION AND ORDER
                                                         11-CR–390

DARRYL PEOPLES,

                       Defendant.

Before the Court is the Government's appeal from Magistrate Judge Hugh B. Scott's Decision and Order denying the Government's motion for a protective order as to the identity of an informant whose testimony was used in support of the issuance of a search warrant. (Dkt. No. 55) As explained below, this Court affirms the Magistrate Judge's denial of the Government's motion for a protective order.

Defendant is charged with two counts of possession with intent to distribute cocaine base (in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C)) and one count of use of a premises to manufacture, use and distribute cocaine base (in violation of 21 U.S.C. §856(a)(1)). The case was referred to Magistrate Judge Scott for supervision of all pre-trial proceedings. Magistrate Judge Scott issued a Report and Recommendation recommending denial of defendant's motion to suppress evidence obtained as a result of a search of his residence at 539 Plymouth Street, denial of defendant's request for a *Franks* hearing, and denial of

suppression of evidence obtained in the separate stop and search of defendant's vehicle at the intersection of Fargo and School Streets in the City of Buffalo. (Dkt. No. 29) The Magistrate also found that there were issues of fact with respect to the voluntariness of defendant's statements, and granted defendant's motion for a suppression hearing with respect to statements he made at the time of his arrest. *Id*.

Defendant then filed a motion for reconsideration of, *inter alia*, the portion of the Report and Recommendation denying suppression of the evidence obtained during the search of 539 Plymouth Street. (Dkt. No. 39) Defendant argued that the search warrant for the residence was not supported by probable cause, and asked to review the *in camera* notes from the search warrant proceeding. *Id*. The Magistrate Judge ordered the Government to produce the redacted *in camera* notes for defendant's inspection, the parties filed supplemental briefing, and oral argument was held. (Dkt. Nos. 40, 44, and 47)

On January 16, 2013, Magistrate Judge Scott issued an Order granting in part and denying in part defendant's motion for reconsideration. (Dkt. No. 48) Therein, the Magistrate noted that there was no recording or verbatim transcription of the issuing judge's colloquy with the informant and that the detective's affidavit did not provide any independent basis for the informant's credibility, such as corroboration or evidence that the informant has provided reliable information in the past. *Id*. Magistrate Judge Scott concluded that given

the absence of a recording of the oral colloquy and without the testimony of either the detective who provided the affidavit or the issuing judge, discerning the information's reliability was difficult. *Id*. Based upon these concerns the Magistrate Judge ordered a suppression hearing with respect to the validity of the search warrant. *Id*. The Magistrate also ordered the Government to provide "any discovery defendant seeks for this hearing, including production of the unredacted version of the state judge's notes and disclosure of the informant's name." *Id*.

On February 26, 2013, the first day of the suppression hearing, the Government filed a motion for a protective order to prevent disclosure of the informant's name and identifying information. (Dkt. No. 49) The defendant filed a response and oral argument was held. (Dkt. No. 52) The Magistrate Judge issued a Decision and Order denying the Government's motion for a protective order, and directing the Government to disclose the informant's name. (Dkt. No. 55)

Specifically, the Magistrate Judge considered the totality of the circumstances, as is required in making a probable cause finding, and noted that the record in support of the warrant was scant, no credibility findings with respect to the informant were memorialized, the informant had no record of reliability, and the officers executing the warrant initially searched the wrong address even though the address on the warrant had been edited. The Magistrate Judge

3

concluded that, given the incomplete record and the discrepancies in the search warrant, disclosure of the identity of the informant would be relevant and material to the defense. In addition, since there were no credibility findings or independent corroboration of the informant's statements, disclosure was not, as the Government argued, merely "general discovery" or a "fishing expedition".

The Government then appealed, to this Court, the Magistrate Judge's denial of the protective order. (Dkt. No. 57) Defendant filed a response, the Government filed a reply, and oral argument was held on September 11, 2013, at which time the Court considered the matter submitted. (Dkt. Nos. 62 and 63)

Pursuant to 28 U.S.C. §636(b)(1)(A), the district court "may reconsider any pretrial matter under this subparagraph (A), where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id*. The Court has carefully reviewed Magistrate Judge Scott's Decision and Order and the submissions of the parties. Upon such review and after hearing argument from counsel, the Court affirms the Decision and Order in its entirety.

Therefore, for the reasons stated in Magistrate Judge Scott's Decision and Order, the Government's motion for a protective order is denied. The case is referred back to Magistrate Judge Scott for further proceedings.

SO ORDERED.

                                             *s/ Richard J. Arcara*
                                             HONORABLE RICHARD J. ARCARA
                                             UNITED STATES DISTRICT JUDGE

DATED: October 10, 2013